UNITED STATERS DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) ) 1:14-ML-02570-RLY-TAB ) MDL No. 2570 |
| This Document Relates to: | ) ) ) |
| *Chad Lockard v. Cook Medical, Inc., et al.* | ) ) |
| Case No. 1:18-cv-06093 | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
<u>AMENDED SHORT FORM COMPLAINT</u>**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Chad Lockard ("Plaintiff" or "Lockard"), by and through undersigned counsel, hereby moves for leave to amend his Short-Form Complaint. The proposed amendment is in response to Defendants' Motion for Judgement on the Pleadings on Plaintiffs' Manufacturing Defect Claims (the "Motion for Judgment on the Pleadings"). MDL Dkt., No. 25838. The Motion for Judgment on the Pleadings requests MDL plaintiffs who are pursuing manufacturing defect claims to amend their respective Short-Form Complaints to allege the claim with greater specificity. *See Id*. at 12 ("If by chance some specific individual Plaintiff actually does have a factual basis for a manufacturing defect claim, Cook would have no objection to that Plaintiff filing an amended Short-Form Complaint").

Plaintiff's proposed Amended Short-Form Complaint includes a detailed manufacturing defect claim. Permitting Plaintiff to amend his Complaint under these circumstances would be consistent with Rule 15(a)(2)'s direction that courts "should freely give leave [to amend] when

justice so requires." Fed. R. Civ. P. 15(a)(2). The proposed Amended Short-Form Complaint is attached herewith as Exhibit A.

## BACKGROUND

1. In September of 2016, at the age of 41, Plaintiff discovered that his Cook Celect IVC filter had fractured into several pieces, with one strut traveling through his blood stream and embedding in the right ventricle of his heart. Another fractured strut is lodged within his L3 vertebral body, while additional struts have penetrated the abdominal aorta and small bowel mesentery.

2. In November 2017, Plaintiff filed a lawsuit against the Cook Defendants in the Circuit Court of the Sixth Judicial Circuit in Pinellas County, Florida. *See* Lockard Dkt., No. 2; *Chad Lockard v. Cook Incorporated et al.*, Case No. 17-5600-CI, Fla. 6th Cir. Ct. 2017, ECF No. 64542289.

3. Count III of the original state law complaint, which spanned twenty five pages, included a strict liability claim for manufacturing defect. *Id*. at 16 (Amend. Compl., Count III p. 16).

4. After a year of litigation, the case was removed to federal court and transferred to this consolidated proceeding. Lockard Dkt., No. 1. In compliance with this Court's standing order, Plaintiff filed a Short-Form Compliant adopting the allegations of the Master Complaint. *Id*., No. 13.

5. On July 22, 2024, Defendants moved for partial judgment on the pleadings regarding portions of the Master Complaint alleging manufacturing defect claims. MDL Dkt., No. 25838.

6.     The Motion for Judgment on the Pleadings requests all Plaintiffs with manufacturing defect claims to amend their Short-Form Complaints to plead those claims with greater specificity. *Id.* at 12.

7.     Plaintiff is filing, contemporaneously with this Motion to Amend, an Opposition to the Motion for Judgment on the Pleadings pursuant to Florida Law.  Lockard Dkt., No. 17.

**ARGUMENT**

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as "undue delay, bad faith or dilatory motive … repeated failure to cure deficiencies by [previous] amendments … [or] futility of amendment.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alteration in original); *see also Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004).

Here, there is no reason to deny leave to amend. Plaintiff's original state law complaint included a claim for manufacturing defect.  Lockard Dkt., No. 2 at 16 (Amend. Compl., Count III, p. 16).  Moreover, Plaintiff moved promptly to amend his operative complaint when the Cook Defendants put him on notice that they believed the MDL Master Complaint was deficient as to its manufacturing defect allegations. *See* MDL Dkt., No. 25838 (filed July 22, 2024). Finally, Plaintiff's manufacturing defect claims are not futile under Florida law. *See* Lockard Dkt., 17.  In fact, Florida manufacturing defect law grants plaintiffs in products liability cases an inference of defect if the product malfunctions during normal use. *See Cassisi v. Maytag Co.* 396 So.2d 1140

3

(Fla. 1st Dist. Ct. App. 1981); *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253 (11th Cir. 2002); *McCool v. Woodstream Corp.*, 187 F.Supp. 3d 1338 (S.D. Fla. 2016).

## CONCLUSION

For all the reasons set forth above, Plaintiff Chad Lockard should be granted leave to file the Amended Short-Form Complaint attached herewith as Exhibit A. A proposed order is attached.

Dated: September 10, 2024

Respectfully submitted,

/s/ Matthew S. Mokwa
Matthew S. Mokwa
Fla Bar. No. 47761
THE MAHER LAW FIRM
398 W. Morse Blvd., Suite 200
Winter Park, FL  32789
407-839-0866
mmokwa@maherlawfirm.com

*Counsel for Plaintiff Chad Lockard*

## CERTIFICATE OF SERVICE

I, Matthew S. Mokwa, hereby certify that on September 10, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

/s/ Matthew S. Mokwa