UNITED STATERS DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | 1:14-ML-02570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to: | |
| *Chad Lockard v. Cook Medical, Inc., et al.* | |
| Case No. 1:18-cv-06093 | |

**PLAINTIFF'S OPPOSITION TO COOK DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS
[FLORIDA LAW]**

Plaintiff Chad Lockard ("Plaintiff" or "Lockard") by and through undersigned counsel, respectfully files this memorandum of points and authorities in opposition to Cook Defendants' Motion for Judgment on the Pleadings ("Cook's Motion").[1] It is undisputed that the substantive law of Florida applies to Lockard's case.

**INTRODUCTION**

In September of 2016, at the age of 41, Mr. Lockard discovered that his Cook Celect IVC filter had fractured into several pieces, with one strut traveling through his blood stream and embedding in the right ventricle of his heart. Another fractured strut is lodged within his L3 vertebral body, while additional struts have penetrated the abdominal aorta and small bowel mesentery. Lockard Dkt., No. 16-1. Mr. Lockard's prognosis is grim.

---

[1] As used in this Opposition, "Cook," "Cook Defendants" and/or "Defendants" refer to Defendants Cook Incorporated, Cook Medical LLC and William Cook Europe ApS.

In November 2017, Plaintiff filed a lawsuit against the Cook Defendants in the Circuit Court of the Sixth Judicial Circuit in Pinellas County, Florida.[2] Lockard Dkt., No. 2; Fla. Dkt., No. 64542289. After a year of litigation, the case was removed to federal court and transferred to this consolidated proceeding. Lockard Dkt., No. 1. In compliance with this Court's standing order, Plaintiff filed a Short Form Compliant adopting the allegations of the MDL Master Complaint. *Id*., No. 13. Count III of the original state court complaint included a strict liability claim for manufacturing defect. *Id*., No. 2 at 16. The Cook Defendants answered the state court complaint on February 16, 2018. Fla. Dkt., No. 68083665. Additionally, the parties engaged in mediation on January 17, 2023. Defendants have been on notice of the facts and circumstances surrounding Plaintiff's manufacturing defect claim for 7 years.

Plaintiff has adequately pleaded a manufacturing defect claim under Florida law. The Eleventh Circuit has consistently held that product liability claims do not need to be pleaded with specificity, and plaintiffs are permitted to combine multiple product defect theories within a single count. Despite this, Plaintiff sought Defendants' consent to amend his Short-Form Complaint to provide more detailed allegations regarding his manufacturing defect claim. Defendants objected.

Defendants' Motion for Judgment on the Pleadings should be denied for three reasons. First, the Master Complaint is a procedural device used to promote judicial efficiency and economy. Cook's attempt to misuse it to gain a tactical advantage raises serious issues of fairness. Second, Defendants badly misstate Florida law as it pertains to manufacturing defect claims and the specificity required to plead those claims. Third, Cook's Motion represents "[i]f by chance some specific individual Plaintiff actually does have a factual basis for a manufacturing defect

---

[2] *See Chad Lockard v. Cook Incorporated et al.*, Case No. 17-5600-CI, Fla. 6th Cir. Ct. 2017. The Florida state case is cited herein as "Fla. Dkt., No. ___."

2

claim, Cook would have no objection to that Plaintiff filing an amended Short-Form Complaint alleging that factual basis." Cook Mot. at 12 (ECF No. 25838). However, when Plaintiff sought Cook Defendants' consent to amend his complaint; Defendants objected.

For these reasons and the reasons that follow, this Court should deny Defendants' Motion for Judgment on the Pleadings as to Plaintiff Chad Lockard.

## LEGAL STANDARDS

Rule 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties. *See* Fed. R. Civ. P. 12(c). The Court reviews Rule 12(c) motions by employing the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Pisciotta v. Old Nat. Bancorp*, 449 F.3d 629, 633 (7th Cir. 2007). [T]he Court must view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief. *Northern Indiana Gun and Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

## ARGUMENT

As an initial matter, there are two issues that the Court should take into consideration in deciding Cook's Motion. First, Plaintiff is moving contemporaneously herewith to amend his Short-Form Complaint. *See* Lockard Dkt, No. 16.[3] Second, Plaintiff is moving contemporaneously herewith for suggestion of remand to the Middle District of Florida, Tampa Division. *Id.*, No. 18. As described in Plaintiff's Motion for Suggestion of Remand, only case specific issues remain in

---

[3] For the Court's convenience, a copy of the proposed Amended Short-Form Complaint is attached as Exhibit A.

the Lockard case and remand will serve the convenience of the parties and will promote the just and efficient conduct of the litigation. *Id.*

    **I.    The MDL Master Complaint is a Procedural Device that is being Misused by Cook**

"District courts should not allow motions for judgment on the pleadings to deprive the non-moving party of the opportunity to make its case." *Federated Mut. Ins. Co. v. Coyle Mech. Supply.*, 983 F.3d 307, 313 (7th Cir. 2020). Yet, that is precisely what Cook is attempting to do. Plaintiff has not had the chance to plead case-specific facts, conduct case-specific discovery, or apply Florida's unique products liability law to the facts of his case. Moreover, when Plaintiff sought to amend his Short-Form Complaint; Defendants refused to consent. Cook is attempting to confine Lockard to the generic allegations in the Master Complaint, depriving him of the opportunity to plead and develop the case specific facts of his individual case as required under the overwhelming weight of MDL precedent.

This Court has previously held that the Master Complaint "is a procedural device used to promote judicial efficiency and economy, not be given the same effect as an ordinary complaint or considered to merge the suits into a singe cause or change the rights of the parties." MDL Dkt., No. 15907 at 4 (quoting *In re Zimmer NexGen Knee Implant Prods. Liab. Litig.*, No. 11 C 5468, 2012 WL 358708, at *3 (N.D. Ill Aug. 16, 2012)); *see also In re Propulsid Prods. Liab. Litig.*, 208 F.R.D. 133, 141-42 (E.D. La. 2002).

Lockard's manufacturing defect claim must be adjudicated on the specific facts and law of his case. Defendants cannot rely on the Master Complaint to undermine or eliminate Plaintiff's basic legal rights. No MDL court has held otherwise.

## II. The Cook Defendants Badly Misstate Florida Law

The Cook Defendants argue that Florida plaintiffs must identify a specific deviation from the intended design or manufacturing specifications in their respective IVC filters at the pleadings stage. Cook Mot. at 3-4, MDL Dkt., 25838. That is simply not true. For a plaintiff to adequately plead a manufacturing defect claim under Florida law, he "need not state in his complaint the precise defect that caused [the product] to malfunction." *Godelia v. Doe 1*, 881 F.3d 1309, 1318 (11th Cir. 2018); *see also Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 605-6 (11th Cir. 2008); *Rhodes v. Novartis Pharms. Corp.*, No. 11-cv-00471, 2011 U.S. Dist. LEXIS 126273, 2011 WL 5358554, at *3 (M.D. Fla. Nov. 1, 2011).

In *Bailey*, the Eleventh Circuit reviewed the procedural sufficiency of a Florida manufacturing defect claim concluding:

> We are not convinced that Florida law applies a rigid distinction among the various theories of recovery available to plaintiffs under strict products liability such that a plaintiff would be required to expressly plead "design defect" versus "manufacturing defect" at the complaint stage.

*Bailey*, 288 Fed. Appx. at 605-06.

In *Sultzer v. Intuitive Surgical*, the Southern District of Florida dealt with the **exact** issue before this Court. 2024 U.S. Dist. LEXIS 121976 (S.D. Fla. 2024). The medical device defendant argued that the manufacturing defect claim was insufficiently pleaded because "[p]laintiff does not allege any facts to suggest that the Monopolar Curved Scissors deviated from design or manufacturing specifications." *Id*. at *15. The Court disagreed, holding that "under binding Eleventh Circuit precedent, [plaintiff] need not identify the exact way that Defendant deviated from the intended, safe design to state a claim for manufacturing defect." *Id*. Numerous Florida cases are in accord.

5

Defendants cite a single Florida case in support of their Motion: *Porpora v. Louisville Ladder, Inc*. No. 05-61008-CIV, 2006 WL 8431483, at *5 (S.D. Fla. June 16, 2006). Cook Mot. at FN 3, MDL Dkt., No. 25838. There are three problems with Cook's reliance on this case. First, it was decided under Rule 56(c), the summary judgment standard; as opposed to Rule 12(c) or 12(b)6, the motion to dismiss standard. *See Porpora*, 2006 U.S. Dist. LEXIS 109988 *7-8. Second, the Plaintiff in *Porpora* did not respond to Defendant's Motion for Summary Judgment. *Id*. at *1-2. Thus, the case was decided on a one-sided record. Third, the manufacturing defect claim was decided on the evidence. *Id*. at *14. The Defendants produced Metallurgical testing of the aluminum that exceeded the ANSI standards, directly refuting Plaintiff's bare allegations. *Id*. In the present case Defendants have not produced any evidence that the IVC filter implanted in Mr. Lockard was free of any manufacturing defect. This is important because Florida law provides an inference of defect when a product malfunctions during ordinary use. *See infra,* Sec. III (discussing the *Cassisi* inference in Florida manufacturing defect cases).

In order to plead a manufacturing defect under Florida law, a plaintiff must simply allege: (i) the manufacturer's relationship to the product, (ii) a defect in the product, and (iii) a causal connection between the defect and plaintiff injuries. *Id*. It is undisputed that the Cook Celect IVC filter is not designed to break into multiple pieces within the human body. Yet, in Lockard's case it did. That is all that must be pleaded under Florida law. Whether the Court looks to the Master Complaint or Plaintiff's proffered Short-Form Complaint, the allegations are sufficient to state a manufacturing defect claim under Florida law.

### III. Florida Law Provides a Legal Inference of Defectiveness

Even at the summary judgment stage (and trial) Lockard is not required to establish the specific defect causing his IVC filter's malfunction. Florida manufacturing defect law is unique in

that it grants plaintiffs in products liability cases an inference of defect if the product malfunctions during normal use. *See Cassisi v. Maytag Co.* 396 So.2d 1140 (Fla. 1st Dist. Ct. App. 1981); *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253 (11th Cir. 2002); *McCool v. Woodstream Corp.*, 187 F.Supp. 3d 1338 (S.D. Fla. 2016). The defendant may rebut the inference by showing that the product's malfunction was caused by: (i) the product's age; (ii) the length of time of the product's use; (iii) the severity of its use; (iv) the state of its repair; (v) the products expected useful life; or (vi) whether the product was subjected to any abnormal operations. *Cassisi*, 396 So.2d at 1152. This inference is referred to in Florida case law as a *Cassisi* inference.

A *Cassisi* inference establishes a *prima facie* case of defect for a jury's consideration. *See Elias v. Evenflo, Co.*, 2005 U.S. LEXIS 36460 *10 (M.D. Fla. 2005). Furthermore, under Florida law, once a plaintiff establishes a product's malfunction during normal use, a plaintiff is not required to negate alternative grounds of causation. *Id*. at *10-11. "To prevent the issue from going to a jury, a defendant manufacturer effectively must offer evidence showing there are no genuine issues of material fact to be resolved by a jury-rather than suggest alternative explanations of the malfunction." *Id*. at *11 (internal quote omitted).

Defendants have failed to meet their burden under Rule 12(c) to demonstrate that "plaintiff cannot prove any facts that would support his claim for relief." *Northern Indiana Gun*, 163 F.3d at 452. Their argument is significantly premature and their Motion for Judgment on the Pleadings must be denied.

### IV. Plaintiff Should be Authorized to Amend his Complaint

Cook's Motion explicitly invites any individual plaintiff to amend their Short-Form Complaint. Cook Mot. at 12, MDL Dkt., No. 25838. However, when Plaintiff sought Cook's consent to Amend his Short-Form Complaint – Cook objected. Cook would only consent if

Plaintiff produced an "expert report." Cook Defendants' request for expert discovery is premature and violates the stay of case specific discovery in this MDL.

## CONCLUSION

For all the foregoing reasons, Defendants' Motion for Judgment on the Pleadings should be denied. Moreover, the Court should grant Plaintiff's Motion to Amend (Lockard Dkt. No. 16) and should remand this case to the Middle District of Florida for the reasons stated in Plaintiff's Motion for Suggestion of Remand; Lockard Dkt. No. 18).

Dated: September 10, 2024

Respectfully submitted,

/s/ Matthew S. Mokwa
Matthew S. Mokwa
Fla Bar. No. 47761
THE MAHER LAW FIRM
398 W. Morse Blvd., Suite 200
Winter Park, FL  32789
407-839-0866
mmokwa@maherlawfirm.com

*Counsel for Plaintiff Chad Lockard*

## CERTIFICATE OF SERVICE

I, Matthew S. Mokwa, hereby certify that on September 10, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

/s/ Matthew S. Mokwa