IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s)
___Chad Lockard_____

Civil Case # _1:18-CV-06093_____

## AMENDED SHORT FORM COMPLAINT

COMES NOW the Plaintiff(s) named below, and for Complaint against the Defendants named below, incorporate The Master Complaint in MDL No. 2570 by reference (Document 213). Plaintiff(s) further show the court as follows:

1. Plaintiff/Deceased Party:
   Chad Lockard

2. Spousal Plaintiff/Deceased Party's spouse or other party making loss of consortium claim:
   N/A

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):
   N/A

4. Plaintiff's/Deceased Party's state of residence at the time of implant:
   Florida

1

5. Plaintiff's/Deceased Party's state of residence at the time of injury:

   Florida

6. Plaintiff's/Deceased Party's current state of residence:

   Florida

7. District Court and Division in which venue would be proper absent direct filing:

   Middle District of Florida, Tampa Division

8. Defendants (Check Defendants against whom Complaint is made):

   ☒ Cook Incorporated

   ☒ Cook Medical LLC

   ☒ William Cook Europe ApS

9. Basis of Jurisdiction:

   ☒ Diversity of Citizenship

   ☐ Other: _____

   a. Paragraphs in Master Complaint upon which venue and jurisdiction lie:

   Paragraphs 9-28

   b. Other allegations of jurisdiction and venue:

   N/A

10. Defendants' Inferior Vena Cava Filter(s) about which Plaintiff(s) is making a claim

    (Check applicable Inferior Vena Cava Filters):

    ☐ Günther Tulip® Vena Cava Filter

    ☒ Cook Celect® Vena Cava Filter

    Gunther Tulip Mreye
    Cook Celect Platinum
    Other:
    _____

11. Date of Implantation as to each product:

    11/15/2008

12. Hospital(s) where Plaintiff was implanted (including City and State):

    Baycare St. Joseph's Hospital in Tampa, Florida

13. Implanting Physician(s):

    Glenn Stambo, MD, Jr.

14. Counts in the Master Complaint brought by Plaintiff(s):

    ☒ Count I:    Strict Products Liability – Failure to Warn

    ☒ Count II:   Strict Products Liability – Design Defect

    ☒ Count III:  Negligence

    ☒ Count IV:   Negligence Per Se

3

☒     Count V:     Breach of Express Warranty

☒     Count VI:     Breach of Implied Warranty

☒     Count VII:     Violations of Applicable __Florida__ (insert State) Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices

☐     Count VIII:     Loss of Consortium

☐     Count IX:     Wrongful Death

☐     Count X:     Survival

☒     Count XI:     Punitive Damages

☒     Other:     __See Attached__ (please state the facts supporting this Count in the space, immediately below)

☐     Other:     _____ (please state the facts supporting this Count in the space, immediately below)

_____

_____

_____

_____

15. Attorney for Plaintiff(s):

Matthew S. Mokwa
_____

16. Address and bar information for Attorney for Plaintiff(s):

Florida Bar 47761
398 W. Morse Blvd., Suite 200
Winter Park, FL 32789

4

Respectfully Submitted,

                **THE MAHER LAW FIRM, P.A.**

                By: s/ Matthew S. Mokwa
                Matthew S. Mokwa (FL Bar No. 47761 )
                (admitted *pro hac vice*)
                **The Maher Law Firm, P.A.**
                398 W. Morse Blvd., Suite 200
                Winter Park, FL 32789
                407-839-0866 (Telephone)
                321-304-6039 (Fax)
                mmokwa@maherlawfirm.com

I hereby certify that on this 20th day of September, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing.

                                      */s/ Matthew S. Mokwa*

## STRICT LIABILITY
## MANUFACTURING DEFECT

1. The Celect Filter implanted in Plaintiff was unreasonably dangerous, not reasonably safe for its intended use, and was defective as a matter of law with respect to its manufacture.

2. The Celect Filter implanted in Plaintiff is constructed of a specialty alloy called Conichome. Conichrome is a cobalt-chromium-nickel-molybdenum-iron alloy.

3. Defendants market the Celect filters' Conichrome construction as a durable frame designed to withstand the typical physical stresses and forces encountered within the human body. A properly manufactured Celect Filter should not fracture under normal use.

4. The Celect Filter implanted in Plaintiff differed from its intended design and failed to perform as safely as its intended design. The Celect Filter implanted in Plaintiff contained one or more of the following material defects: (i) presence of impurities or inclusions in the Conichrome; (ii) inclusion of microcracks within the Conichrome; (iii) poor surface finishing techniques which introduced stress concentrations; and/or (iv) improper heat treatment which resulted in brittle Conichrome. As a result, the Celect Filter fractured in multiple places under normal use.

5. A fractured alloy strut traveled through Plaintiff's blood stream and embedded in the right ventricle of his heart. Another fractured alloy strut is lodged within his L3 vertebral body, while additional struts have penetrated the abdominal aorta and small bowel mesentery.

6. The Celect Filter implanted in Plaintiff reached Plaintiff without substantial change to its condition and was used as intended.

7. The defective and unreasonably dangerous condition of the Celect Filter was a proximate cause of the damages and injuries to Plaintiff.