UNITED STATERS DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) ) 1:14-ML-02570-RLY-TAB ) MDL No. 2570 |
| This Document Relates to: *Chad Lockard v. Cook Medical, Inc., et al.* Case No. 1:18-cv-06093 | ) ) ) ) ) ) ) |

**PLAINTIFF'S REPLY TO THE COOK DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUGGESTION OF REMAND**

The totality of the circumstances strongly supports remanding Plaintiff Chad Lockard's case to the Middle District of Florida. The case-specific issues raised in Lockard's motion highlight serious concerns of fairness and prejudice in the prosecution of his case. It is undisputed that Lockard sustained one of the most catastrophic and life-threatening injuries in this MDL. His IVC filter fractured into multiple pieces, with one strut traveling through his bloodstream and embedding in the right ventricle of his heart. This metal fragment poses an ongoing risk of sudden death from cardiac tamponade. Remand is warranted because case specific issues dominate his lawsuit. Remand is further justified due to the gravity of Lockard's injuries and because he is the only *known* MDL plaintiff alleging facts that support a manufacturing defect claim.

The Cook Defendants oppose remand for two reasons. First, they argue that Lockard "mistakenly asserts, based on information from the PCS, that 'he is the only Plaintiff pursing a case specific manufacturing defect claim.'" ECF No. 26133 at 1. Cook implies that numerous

plaintiffs are pursuing manufacturing defect claims similar to Lockard's. However, this contradicts Cook's prior assertions: "Cook respectfully suggests that Plaintiffs' **manufacturing defect claims do not exist** … the history of this MDL suggests there is no factual support for these claims." ECF No. 25838 at 11 (emphasis added). Cook's arguments in its Motion for Judgment on the Pleadings regarding Manufacturing Defect Claims are difficult (if not impossible) to reconcile with the arguments it now makes in its response.

More importantly, Cook misses the point. Even if other manufacturing defect claims exist within the MDL, both the PSC and Cook have made it clear that no common discovery or litigation plan exists to advance these claims. As a result, Lockard will need to develop his claims from scratch once the case is remanded. Further delays in prosecuting his case will undoubtedly result in prejudice. With each passing month, the prejudice compounds – evidence is lost, witnesses become unavailable, and the claims grow increasingly stale.

Second, Cook argues that Lockard's "claims are not unique, and his claims are involved in active motion practice." ECF No. 26133 at 3. However, Cook again overlooks the critical issue: justice and fairness to Lockard. This Court must weigh the judicial efficiency of keeping Lockard in the MDL against the potential harm he may face, as well as the risks and benefits of remanding his case for trial. At this late stage in the MDL, the scales no longer favor consolidation. The parties gain little by keeping Lockard in the MDL; yet Lockard faces significant harm and prejudice from further delays. The presence of one or two tenuous issues that might remotely affect his case is not a valid reason to deny remand.

As discussed, Lockard's case is unique in two significant ways: it involves case-specific facts and legal arguments related to a manufacturing defect claim, and it concerns imminently life-threatening injuries. The tragic and complex nature of his case will require significant time to fully

2

develop, and it is unlikely that his case can be resolved as part of any global settlement. These factors distinguish Lockard's case from others in the MDL and provide compelling grounds for remanding it to the Middle District of Florida for case-specific discovery and trial.

For these reasons and those outlined in Plaintiff Chad Lockard's Motion for Suggestion of Remand, his case should be remanded to the Middle District of Florida, Tampa Division.

Dated: October 18, 2024.

>Respectfully submitted,
>
>/s/  Matthew S. Mokwa
>Matthew S. Mokwa
>Fla Bar. No. 47761
>THE MAHER LAW FIRM
>398 W. Morse Blvd., Suite 200
>Winter Park, FL  32789
>407-839-0866
>mmokwa@maherlawfirm.com
>
>*Counsel for Plaintiff Chad Lockard*

## CERTIFICATE OF SERVICE

I, Matthew S. Mokwa, hereby certify that on October 18, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

>/s/ Matthew S. Mokwa